UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ELAINE RICHEY,<br>Plaintiff,<br><br>v.<br><br>AMERICAN CRUISE LINES, INC.,<br>Defendant. | CIVIL ACTION NO.: |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Elaine Richey ("Plaintiff") files this complaint against American Cruise Lines, Inc. ("Defendant") and would respectfully show the Court as follows:

**PARTIES**

1. Plaintiff Elaine Richey is an adult female, resident of the State of Missouri.

2. Defendant American Cruise Lines, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Connecticut. Defendant may be served through its registered agent for service of process Cogency Global, Inc., 850 New Burton Road, Suite 201, Dover, DE 19904.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1333 as this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Plaintiff brings this action under the Jones Act, 46 U.S.C. §30104, and general maritime law.

4. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL BACKGROUND

5. At all times material hereto, Plaintiff was employed by Defendant as a crew member aboard the vessel "The American Independence" in the capacity of Housekeeper/Steward.

6. On or about August 4, 2024, while the vessel was operating in coastal Maine waters, having departed from its home dock in Portland, Maine, Plaintiff suffered serious injuries when another employee negligently released a fire door leading to the galley, which struck Plaintiff's back and right elbow.

7. As a result of this incident, Plaintiff has suffered severe nerve compression, a humerus fracture, pain and numbness in her right arm, and persistent back pain. Plaintiff requires surgery for her injuries. Plaintiff's injuries are severe and persistent in their effects.

8. Despite the severity of Plaintiff's injuries, Defendant failed to provide Plaintiff with adequate medical care. An incident report was not completed until August 7, 2024, three days after the injury occurred, and Plaintiff's requests for immediate treatment were denied.

9. Further, Defendant has wrongfully refused to cover the costs of necessary medical treatment, including diagnostic tests such as X-rays and CT scans, leaving Plaintiff unable to receive proper medical evaluation and care.

10. Due to Defendant's negligence and failure to provide prompt medical attention, Plaintiff's injuries have worsened. Medical professionals have indicated that Plaintiff requires surgery and may suffer permanent damage due to the delay in treatment that otherwise could have been avoided.

## CAUSES OF ACTION

## COUNT I: JONES ACT NEGLIGENCE

11. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

12. At all relevant times, Plaintiff was a seaman and an employee of Defendant within the meaning of the Jones Act, 46 U.S.C. § 30104.

13. Defendant owed Plaintiff a duty to provide a reasonably safe place to work and to use ordinary care to maintain and keep the vessel and its appurtenances in a reasonably safe condition.

14. Defendant breached its duty and was negligent in the following ways:

   a. Failing to properly train and supervise its employees in the safe operation of fire doors;

   b. Failing to implement and enforce adequate safety protocols;

   c. Failing to promptly report the incident and provide timely medical care to Plaintiff;

   d. Refusing to cover the costs of necessary medical treatment and diagnostic tests;

   e. Failing to provide a reasonably safe workplace; and

   f. Other acts of negligence to be shown at trial.

16. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered severe physical injuries, pain and suffering, mental anguish, loss of earnings and earning capacity, and other damages.

## COUNT II: UNSEAWORTHINESS

17. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

18. At all relevant times, Defendant owned, operated, managed, maintained and/or controlled the vessel "The American Independence."

19. Defendant had an absolute, non-delegable duty to provide Plaintiff with a seaworthy vessel, including a competent crew and safe equipment.

20. Defendant breached its duty by failing to provide a seaworthy vessel in the following ways:

    a. Failing to provide a competent crew;

    b. Failing to provide proper safety equipment;

    c. Failing to provide adequate medical facilities and care; and

    d. Other unseaworthy conditions to be shown at trial.

These failures manifested in the utilization of an unsafe door with untrained personnel regularly traveling through it. This injury was predictable and preventable.

21. The unseaworthy condition of the vessel was a proximate cause of Plaintiff's injuries and damages.

## COUNT III: MAINTENANCE AND CURE

22. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

23. As a seaman injured in the service of the vessel, Plaintiff is entitled to maintenance and cure until she reaches maximum medical improvement.

24. Defendant has failed and refused to pay maintenance and cure to Plaintiff, including necessary medical treatment and diagnostic tests.

25. Defendant's failure to pay maintenance and cure is willful and wanton, entitling Plaintiff to compensatory damages, attorney's fees, and punitive damages.

## DAMAGES

26. As a result of Defendant's negligence and the unseaworthiness of the vessel, Plaintiff has sustained damages including but not limited to:

    a. Physical pain and suffering, past and future;

      b.      Mental anguish, past and future;

      c.      Loss of earnings and earning capacity, past and future;

      d.      Medical expenses, past and future;

      e.      Physical impairment, past and future;

      f.      Physical disfigurement, past and future; and

      g.      Loss of enjoyment of life, past and future.

27.    Plaintiff seeks all damages available under the Jones Act and general maritime law.

## JURY DEMAND

28.    Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Elaine Richey prays that Defendant American Cruise Lines, Inc. be cited to appear and answer herein, and that upon final hearing, Plaintiff have judgment against Defendant for:

    a. Actual damages in an amount to be determined by the jury;

    b. Maintenance and cure;

    c. Compensatory damages for failure to pay maintenance and cure;

    d. Punitive damages for failure to pay maintenance and cure;

    e. Pre-judgment and post-judgment interest as provided by law;

f. Attorney's fees and costs of suit; and

g. Such other and further relief to which Plaintiff may be justly entitled.

Dated: 10/9/2024

/s/ Michael Bigos
_____
Michael T. Bigos, Esq.
Maine Bar No. 9607
Berman & Simmons, P.A.
P.O. Box 961
Lewiston, ME 04243-0961
(207) 784-3576
Attorney for Plaintiff Richey
BigosService@bermansimmons.com


/s/Brian Beckcom
_____
Brian Beckcom
VB Attorneys
Texas Bar No. 24012268
6363 Woodway Drive, Suite 400
Houston, Texas 77057
Brian@vbattoneys.com
713-224-7800
(pending admission *pro hac vice*)


/s/ Brendan Fradkin
_____
Brendan Fradkin
VB Attorneys
Texas Bar No. 24097706
6363 Woodway Drive, Suite 400
Houston, Texas 77057
Brendan@vbattorneys.com
713-224-7800
(pending admission *pro hac vice*)

CERTIFICATE OF SERVICE

    I hereby certify that on this date, I electronically filed PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND with the Clerk of Court via email per the CM/ECF system which will send notification of such filing(s) to the following:

    American Cruise Lines, Inc.
    c/o Cogency Global Inc., Registered Agent
    850 New Burton Road, Suite 201
    Dover, DE 19904
    (no email address known)

and I hereby certify that on this date, I mailed by United States Postal Service, the document(s) to the following non-registered participants:

    Brendan Fradkin, Esq., VB Attorneys
    Brian Beckcom, Esq., VB Attorneys
    Co-counsel for Plaintiff Elaine Richey
    6363 Woodway Drive, Suite 400
    Houston, Texas 77057
    (*Pro Hac Vice* motion forthcoming)

Dated: October 9, 2024

/s/ Michael Bigos
_____
Michael T. Bigos, Esq.
Maine Bar No. 9607
Berman & Simmons, P.A.
P.O. Box 961
Lewiston, ME 04243-0961
(207) 784-3576
Attorney for Plaintff Elaine Richey
BigosService@bermansimmons.com